**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CODEC TECHNOLOGIES LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**GLOBAL PHOENIX COMPUTER TECHNOLOGIES SOLUTIONS, INC.,**<br><br>   Defendant. | **CIVIL ACTION NO 2:16-cv-1432**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.  This is an action for patent infringement in which Codec Technologies LLC makes the following allegations against Global Phoenix Computer Technologies Solutions, Inc.

## PARTIES

2.  Plaintiff Codec Technologies LLC ("Plaintiff" or "Codec Technologies") is a Texas limited liability company with its principal place of business at 903 E. 18th Street, Suite 224, Plano, Texas 75074.

3.  On information and belief, Global Phoenix Computer Technologies Solutions, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 21 Dutch Mill Rd, Ithaca, NY 14850.

## JURISDICTION AND VENUE

4.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6.       On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,825,780

7.       Plaintiff is the owner of United States Patent No. 6,825,780 ("the '780 patent") entitled "Multiple codec-imager system and method."  The '780 Patent issued on November 30, 2004.  A true and correct copy of the '780 Patent is attached as Exhibit A.

8.       Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '780 patent. The '780 patent provides, among other things, "[a] system and method are provided for compressing data utilizing multiple encoders on a single integrated circuit. Initially, data is received in a single integrated circuit. The data is then encoded utilizing a plurality of encoders incorporated on the single integrated circuit. Another single module system and method are provided for compressing data. In use, photons are received utilizing a single module. Thereafter, compressed data representative of the photons is outputted utilizing the single module."

9.       Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '780 patent, including at least Claim 9, in this district and elsewhere in the United States.  By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '780 patent pursuant to 35 U.S.C. § 271.

10.       Claim 9 reads, "[a] single integrated circuit for compressing data, comprising: a first encoder embodied on the single integrated circuit including circuitry for electronically encoding a first Set of data; and a second encoder embodied on the same single integrated circuit as the first encoder for electronically encoding a second set of data; wherein the data is compressed utilizing the encoders."

11. Based on present information and belief, products sold by Defendant under brand names, without limitation, iRola and Kocaso, infringe the '780 Patent.

12. Based on present information and belief, by way of an illustrative example, the Kocaso MX736 Tablet utilizes a System-on-a-chip ("SOC"), which is an integrated circuit.

13. Based on present information and belief, the Kocaso MX736 Tablet's SOC has multiple encoders capable of encoding at least video data.

14. Based on present information and belief, the Kocaso MX736 Tablet's SOC has multiple encoders capable of encoding at least image data.

15. Based on information and belief, the Kocaso MX736 Tablet's SOC employs the video HW codecs for video data and JPEG HW codec for image data. The data is necessarily compressed through the respective encoders.

16. Based on present information and belief, Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale other infringing devices, including but not limited to, tablets. In the alternative, because the manner of use by Defendant differs in no substantial way from the language of the claims, if Defendant is not found to literally infringe, Defendant infringes under the doctrine of equivalents.

17. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '780 Patent;

2. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '780 Patent as provided under 35 U.S.C. § 284;

3.An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4.A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5.Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**CODEC TECHNOLOGIES LLC**

Dated:  December 20, 2016

By: */s/ Papool S. Chaudhari*
_____
Papool S. Chaudhari
Texas State Bar No. 24076978
Chaudhari Law, PLLC
P.O. Box 1863
Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

 **ATTORNEY FOR PLAINTIFF**
**CODEC TECHNOLOGIES LLC**